UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ERIC GRIFFIN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LOS ANGELES COUNTY JAIL, et al.,<br><br>　　　　　Defendants. | Case No. 2:22-cv-02909-PA-JDE<br><br>ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED PURSUANT TO 28 U.S.C. § 1915(g) |

　　　　On April 29, 2022, the Court received from Eric Griffin ("Plaintiff"), an inmate or detainee at the North County Correctional Facility in Castaic, California, proceeding pro se, a civil rights complaint against the Los Angeles County Jail and several defendants based on events occurring on February 21, March 6, and March 28, 2022, relating to, among other things, his criminal prosecution and confinement. Dkt. 1 ("Complaint"). Plaintiff seeks leave to proceed in forma pauperis ("IFP"). Dkt. 2 ("IFP Request").

　　　　Pursuant to 28 U.S.C. § 1915(g), a prisoner is prohibited from "bring[ing] a civil action or appeal" IFP if the prisoner:

> has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Section 1915(g) "is commonly known as the 'three strikes' provision. 'Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that[they were] frivolous, malicious, or fail[] to state a claim . . . ." Andrews v. King, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (as amended) (first two alterations in original). Section 1915(g) provides a narrow exception permitting a prisoner who has had three prior "strikes" but who is in "imminent danger of serious physical injury" to proceed despite the strikes. 28 U.S.C. § 1915(g); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). The danger must exist at the time the prisoner filed the complaint, not at some earlier or later time. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) (as amended).

Courts may raise Section 1915(g) sua sponte and dismiss the action after providing the plaintiff with an opportunity to be heard. See Andrews, 398 F.3d at 1120; see also Strope v. Cummings, 653 F.3d 1271, 1273 (10th Cir. 2011) (courts "may raise the issue of strikes sua sponte"); Hernandez v. Ventura Cty., 2010 WL 5313476, at *2 (C.D. Cal. Nov. 16, 2010) ("Courts may, sua sponte, dismiss an action that is barred by Section 1915(g), but must notify the prisoner/litigant of the strikes it considers to support such a dismissal, and allow the prisoner an opportunity to be heard on the matter before dismissing the case."), report and recommendation adopted by 2010 WL 5315438 (C.D. Cal. Dec. 15, 2010). Once the Court notifies a plaintiff that his case may be subject to dismissal under Section 1915(g), the plaintiff bears the ultimate

burden of persuading the Court that Section 1915(g) does not apply. <u>Andrews</u>, 398 F.3d at 1120. "A dismissal under Section 1915(g) is without prejudice to a plaintiff refiling his civil rights complaint after prepayment of the full filing fee." <u>Hernandez</u>, 2010 WL 5313476, at *2.

Here, although the Court makes no current findings, the docket of this Court appears to reflect at least three prior civil actions filed by Plaintiff Eric Griffin while incarcerated that resulted in dismissal and/or termination based on findings that the actions were frivolous, malicious, or failed to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2):

1. <u>Eric Griffin v. The Department of Justice, et al.</u>, Case No. 2:10-cv-03249-UA-MLG (C.D. Cal.), Dkt. 3 (order dismissing action as frivolous, malicious or failing to state a claim upon which relief may be granted);
2. <u>Eric Griffin v. Metropolitan Detention Center, et al.</u>, Case No. 2:10-cv-01658-PA-MLG (C.D. Cal.), Dkt. 23 (action under operative first amended complaint dismissed as frivolous);
3. <u>Eric Griffin v. LAPD</u>, Case No. 2:98-cv-05513-UA (C.D. Cal.), Dkt. 2 (recommendation and order denying application to proceed IFP and terminating action); and
4. <u>Eric Griffin v. Los Angeles Police Department, et al.</u>, Case No. 2:97-cv-05762-UA (C.D. Cal.), Dkt. 4 (recommendation and order denying application to proceed IFP and terminating action).

In addition, at least four other district courts have found plaintiff Eric Griffin, in attempting to proceed IFP in civil rights actions against jailers, has received at least three prior "strikes" under 28 U.S.C. § 1915(g). See <u>Eric Griffin v. Nevada Southern Detention Center, et al.</u>, Case No. CIV 11-564-TUC-DCB (D. Ariz.), Dkt. 8 (dismissing action under Section 1915(g), finding Plaintiff had suffered three "strikes" in case numbers 10-1171-PMP-LRL, 10-

1204-KJD-PAL, and 10-1253-GMN-LRL in the District of Nevada); Eric Griffin, et al., v. U.S. Marshals, et al., Case No. 10-cv-2246-H(CAB) (S.D. Cal.), Dkt. 4 (same); Eric Griffin v. U.S. Marshal Service, et al., Case No. 10-3450-cv-S-DW-P (W.D. Mo.), Dkt. 5 (same); see also William Fransico and Eric Griffin v. North Las Vegas Police Department and Department of Justice, Case No. 2-10-cv-01208-PMP-RJJ (D. Nev.), Dkt. 4 (ordering dismissal of civil rights action by plaintiff Eric Griffin under 28 U.S.C. § 1915(g) unless plaintiff pays the filing fee, based on plaintiff having had three or more actions dismissed for failure to state a claim upon which relief can be granted, or as frivolous or malicious, without a showing of imminent danger of serious physical injury).

Separately, although the Court does not consider these findings to be "strikes" under 28 U.S.C. § 1915(g), the Court notes that, by order dated July 18, 2018, the Ninth Circuit, in Eric Griffin v. Nancy A. Berryhill, Case No. 18-55774 (9th Cir.) dismissed an appeal "[b]ecause the appeal is so insubstantial as to not warrant further review," and separately, by order dated August 25, 2010, the circuit, in Eric Griffin v. Metropolitan Detention Center, et al., Case No. 10-55797 (9th Cir.) denied an IFP application "because we find that the appeal is frivolous," although the appeal was subsequently dismissed for a different reason.

As it appears that Plaintiff, a "prisoner," has had at least three prior civil actions or proceedings he commenced as a prisoner or detainee dismissed as frivolous, it appears the instant action is subject to dismissal under 28 U.S.C. § 1915(g). Although the Complaint contains wide-ranging allegations, Plaintiff does not allege he is currently under imminent danger of serious physical injury.

Accordingly, Plaintiff is ORDERED TO SHOW CAUSE why his request to proceed IFP should not be denied on the grounds that he has

suffered three or more "strikes" within the meaning of 28 U.S.C. § 1915(g) and has not plausibly alleged that he is currently under imminent danger of serious physical injury. **Within twenty-one (21) days of this Order,** Plaintiff shall file a written response to this Order setting forth any legal or factual basis why this action should not be dismissed under 28 U.S.C. § 1915(g). In the alternative, Plaintiff may avoid dismissal by paying the full filing fee within this deadline.

The Court warns Plaintiff that failure to timely respond as directed in this Order may result in the denial of Plaintiff's IFP request and the dismissal of this action.

Dated: May 06, 2022

_____
JOHN D. EARLY
United States Magistrate Judge